894 So.2d 1208 (2005)
Darrell K. CHERRY
v.
Angela Reilly CHERRY.
No. 2004-CA-0002.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 2005.
Rehearing Denied March 15, 2005.
*1210 Theon A. Wilson, Law Offices of Theon A. Wilson and Darrell K. Cherry, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, for Plaintiff/Appellee.
Angela M.R. Cherry, New Orleans, LA, In Proper Person, Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY and Judge MAX N. TOBIAS, JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
The defendant, Angela Reilly Cherry, ("Ms.Reilly"), appeals a summary judgment granted by the trial court in favor of plaintiff, Darrell K. Cherry, dismissing the defendant's amended petition for modification of child custody. For the reasons that follow, we affirm.
The present matter arises from a custody agreement between Ms. Reilly and Mr. Cherry whereby Mr. Cherry received custody of their minor children, Patrick and Matthew. The parties reached the agreement on July 19, 2000, after several days of trial testimony. The agreement was reduced to writing and signed by the trial court on April 16, 2001. Paragraph 21 of the agreement contained the following:
Darrell K. Cherry is awarded sole custody of the two minor children, Patrick Cherry (DOB 11/30/90) and Matthew Cherry (DOB 5/30/94), the Court finding that sole custody in favor of Darrell K. Cherry clearly and convincingly to be in the best interest of the children, considering all pertinent facts and circumstances.
On December 6, 2001, Ms. Reilly filed a "Rule For Expedited Hearing on Passport Issues, To Modify Custody and Reduce Child Support," seeking: (1) to compel Mr. Cherry to sign the application for renewal of the passport of their son, Patrick; (2) to obtain custody of their children; and (3) a reduction in child support. The rule was set for expedited hearing on December 17, 2001, but was continued without date when Mr. Cherry apparently acquiesced to the request to sign the passport application.
On March 15, 2002, Ms. Reilly revived her request to obtain custody and reduce child support by filing a "Rule to Reset Hearing, To Modify Custody and Reduce Child Support" which was fixed for hearing on May 13, 2002. In response, on March 28, 2002, Mr. Cherry filed a "Response to Defendant's Motion to Modify Custody and Counterclaims of Darrell K. Cherry for Contempt of Court, to Assess and Make Executory Arrearages and to Restrict Visitation of Defendant," wherein Mr. Cherry took the position that: (1) the custody judgment of April 16, 2001 was a "considered" judgment; (2) that Ms. Reilly had no evidence that would warrant a change in custody, i.e., nothing to show that the present custody arrangement was *1211 deleterious to the children's welfare or that the harm that might be caused by such a change is substantially outweighed by the advantages to the children according to the standards of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); (3) that Ms. Reilly's visitation rights should be reduced; (4) that Ms. Reilly was in arrears in her child support payments; and (5) that Ms. Reilly's child support obligation should be increased.
On May 3, 2003, prior to the May 13, 2002 date set for the hearing on the above described rules and motions, the trial judge entered an order of recusal, sua sponte.
As there is no indication that the May 13, 2002 hearing took place on that date, it is assumed that it was continued as a result of the recusal.
Subsequently, in further response to Ms. Reilly's pending petition to modify custody, Mr. Cherry filed a "Motion For Partial Summary Judgment on Issue of Considered Judgment and Burden of Proof, and Motion For Summary Judgment on the Pleadings, and Alternatively, In Support of Exception of No Cause of Action," requesting: (1) a partial summary judgment ruling that the Bergeron burden of proof applied to Ms. Reilly's request for a summary judgment; (2) a judgment on the pleadings dismissing Ms. Reilly's petition to modify custody for failing to allege sufficient grounds to modify custody; and (3) an alternative exception of no cause of action based on the same grounds as the request for the judgment on the pleadings.
The hearing on the conflicting motions of the parties was fixed for December 5, 2002. The record contains no disposition of this hearing. We will assume that it was continued as the next matter of record is a "Motion for Summary Judgment" filed by Mr. Cherry on January 23, 2003 which was fixed for hearing on January 23, 2003, annexed to which is a supporting memorandum in which it is stated that this "motion for summary judgment is filed to be heard in conjunction with and to augment" the previously filed motions.
The hearing apparently did not take place as scheduled on January 23, 2003. However, there is a judgment in the record signed on February 24, 2003, indicating that it was rendered pursuant to a February 11, 2003 hearing on the previously described motions of the parties. That judgment: (1) granted Mr. Cherry's motion for partial summary judgment, finding that the Bergeron burden of proof applied to Ms. Reilly's request for a change in custody because the existing custody order of April 16, 2001, was a "considered judgment"; and (2) granted Mr. Cherry's exception of no cause of action, but gave Ms. Reilly until February 21, 2003, in which to file amended pleadings.
On February 21, 2003, Ms. Reilly filed a "Supplemental and Amended Rule to Modify Custody and Reduce Child Support," which was originally fixed for March 26, 2003, but was continued to April 10, 2003. On March 10, 2003, in opposition to Ms. Reilly's amended pleadings, Mr. Cherry filed a "Motion for Summary Judgment; Alternative Exception of No Cause of Action and Motion for Judgment on the Pleadings." The hearing was scheduled for April 10, 2003. Pursuant to that hearing, a judgment was rendered on the same day granting Mr. Cherry's motion for summary judgment and dismissing Ms. Reilly's amended petition with prejudice. The judgment was silent as to Mr. Cherry's alternative exception of no cause of action and motion for judgment on the pleadings. As those pleadings were in the alternative to the motion for summary judgment, the granting of Mr. Cherry's motion for summary judgment effectively disposed of *1212 them. As the trial court judgment referred only to Ms. Reilly's petition to modify custody, we will assume that the child support issues are still pending before the trial court.[1] Therefore, this Court did not consider child support issues.
On April 30, 2003, Ms. Reilly filed a petition for appeal seeking to devolutively appeal from the "final judgment rendered... on March 26, 2003. The record contains no judgment of that date and Ms. Reilly's brief does not contain a copy of the judgment from which she would appeal. March 26, 2003, is the date originally fixed for the hearing on Ms. Reilly's "Supplemental and Amended Rule to Modify Custody and Reduce Child Support." Therefore, we conclude that the date set forth in Ms. Reilly's petition for appeal is a typographical error and that Ms. Reilly must have intended to appeal from the judgment of April 10, 2003, the judgment which definitively dismissed with prejudice her attempts to modify custody.
This appeal hinges almost entirely on whether the consent judgment of April 16, 2001, is a "considered judgment" requiring the high burden of proof for modification called for in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), or merely a "stipulated judgment" calling for nothing more than the usual preponderance of the evidence. The judgment itself is not before this Court as the time for appealing that judgment has long since expired. In this appeal we are only called upon to determine whether the April 16, 2001 judgment was a "considered judgment" and what the burden of proof is depending on our determination regarding the Bergeron question. In Bergeron, the Supreme Court found that in those cases where the trial court has made a "considered" decree of permanent custody, that the party seeking change bears a heavy burden of proving that continuation of present custody is so deleterious to the child as to justify modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
A "considered decree" is an award of permanent custody in which a trial court receives evidence of parental fitness to exercise care, custody and control of minor children. Mimms v. Brown, XXXX-XXXX (La.App. 4 Cir. 9/3/03), 856 So.2d 36. Ms. Reilly argues that the April 16, 2001 custody agreement was a stipulated judgment. A stipulated judgment is a decree whereby the parties consent to the custodial arrangement and no evidence of parental fitness is taken. In matters where the original custody decree was a stipulated judgment, the party seeking modification must only prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child. Mimms, XXXX-XXXX, pp 10-11, 856 So.2d at 42, 43.
Mr. Cherry argues that the April 16, 2001 consent judgment was a "considered decree" as it pertained to custody because the trial judge had heard extensive testimony on the fitness of each parent and had reviewed the recommendation of a psychologist, *1213 Dr. Beverly Howze. In further support of his contention, Mr. Cherry cited the terminology of the consent judgment whereby the trial judge ordered that he should have sole custody of the children because he had presented clear and convincing evidence that such a custody arrangement was in the best interest of the children.
The trial judge granted Mr. Cherry's motion for partial summary judgment, finding that "... the appropriate burden of proof imposed by law on the change or modification of the April 16, 2001 custody order, as sought by Angela Reilly, shall be the higher burden of proof as enunciated in Bergeron because the April 16, 2001 custody order is a considered judgment."
In this case the trial court indicated that it was aware of the Bergeron factors and that they had been applied, in spite of the fact that the judgment of April 16, 2001 was a consent judgment. This finding is supported by a review of the record as a whole. This was not the typical consent judgment presented to the judge for his signature by the parties without a hearing. The record reflects that this judgment was only agreed to by the parties after three days of hearings during the course of which sufficient evidence was entered in to the record to substantiate the Bergeron factors. Accordingly, we find no error in the trial court's judgment of February 24, 2004 holding that the April 16, 2001 custody order was a "considered judgment."
It follows that the order contained in the judgment signed on February 24, 2003 (the same judgment which found that the April 16, 2001 custody order was a "considered judgment"), allowing Ms. Reilly to amend her petition to modify custody, implicitly required her amended petition to set forth facts that would allow her to prove that she could meet the heavy Bergeron burden of proving either (1) that continuation of the present custody was so deleterious to the children as to justify modification of the custody decree, or (2) of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the children. As Bergeron places a heavy burden of proof on Ms. Reilly, under the facts of this case, in opposition to Mr. Cherry's motion for summary judgment the burden is on Ms. Reilly under La. C.C.P. art. 966 C(2) to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial.
Paragraph "7" of Ms. Reilly's amended petition specifically alleges that she "would be the last to allege that the continuation of the present custody is deleterious to the children's welfare" thereby effectively conceding that she could not meet the first of the two alternative criteria established by Bergeron.
The record reflects that Ms. Reilly also failed to create a genuine issue of material fact as to the second of the Bergeron criteria, i.e., she failed to show that at trial she might be able to prove by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the children. In support of her opposition to Mr. Cherry's motion for summary judgment and exception of no cause of action, Ms. Reilly annexed her own affidavit. However, that affidavit concentrated both on financial matters related to her attempt to eliminate or reduce her child support obligations, and on her argument that the custody decree of April 16, 2001 was not well founded and was not a "considered" decree. The affidavit did nothing in furtherance of carrying her burden of showing that she could meet the second of the Bergeron criteria as she had to do, having *1214 already conceded that she could not meet the first criterion. Therefore, it was not error for the trial court to grant Mr. Cherry's motion for summary judgment, dismissing Ms. Reilly's amended petition for a modification of custody.
Ms. Reilly also assigned two errors not directly related to the merits of the case. In the first of these, Ms. Reilly assigned as error the failure of the trial court to allow her to proceed in forma pauperis. When the trial court denied her pauper status she applied for writs to this Court. This Court granted her writ in part by ordering a reduction of her appeal costs. See 2003-C-1520 (La.App. 4 Cir. 10/8/03), unpub. This judgment of October 8, 2003, effectively disposed of this issue. It is the law of this case. Under the "law of the case" doctrine, an appellate court ordinarily will not reconsider its own rulings of the law in the same case. Evans v. Nogues, 99-2761, p. 4 (La.App. 4 Cir. 9/13/00), 775 So.2d 471, 474. However, the law of the case doctrine is a discretionary guide and is not applicable in cases of palpable error or where, if the law of the case doctrine were applied, manifest injustice would occur. Id. In the instant case, Ms. Reilly has failed to demonstrate any palpable error in the October 8, 2003 judgment of this Court. This Court considered the limitations of her financial resources when it made its ruling of October 8, 2003, and granted her appropriate relief at that time by ordering a reduction of her appeal costs. We find no manifest injustice in applying the law of the case to this assignment of error.
In her other assignment of error not directed to the underlying merits of her case, Ms. Reilly complains that there was an appearance of impropriety in Judge C. Hunter King's court. First, we note that the April 10, 2003 judgment that is the subject of this appeal was rendered by Judge Kern Reese, not Judge C. Hunter King. Second, we note that the judgment of February 24, 2003 which laid the foundation for the judgment of April 10, 2003, was also rendered by Judge Kern Reese, not Judge C. Hunter King. Third, we find nothing in the record to indicate that this matter was properly raised first in the trial court. Accordingly, we find no merit in this assignment of error.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] We note that in the memorandum Mr. Cherry filed on April 8, 2003, in support of his motion for summary judgment and exception of no cause of action he stated that: "What Ms. Reilly seeks is to lower or eliminate her child support obligations  an issue not involved in the instant exception/motion for summary judgment. That issue is to be tried later." We view this as a concession by Mr. Cherry that the judgment rendered in his favor pursuant to this memorandum was not intended to dispose of Ms. Reilly's support claims.