CANDIS R. CAMARIGG

VERSUS

ROSS M. HEFFNER

NO. 23-C-243

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 803-328, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING


June 15, 2023


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Cornelius E. Regan, Pro Tempore


**WRIT GRANTED; RULING REVERSED; MATTER REMANDED**
    **JGG**
    **JJM**
    **CER**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
CANDIS CAMARIGG
 David H. Williams
 M. Molly MacKenzie

COUNSEL FOR DEFENDANT/RESPONDENT,
ROSS M. HEFFNER
 Christine L. DeSue

**GRAVOIS, J.**

Relator, Candis R. Camarigg, seeks this Court's supervisory review of the trial court's April 4, 2023 judgment which denied relator's objection to the Domestic Commissioner's ruling, made during a hearing on relator's petition for relief under the Domestic Abuse Assistance Act, La. R.S. 46:2131, *et seq.*, that he declined to find a history of family violence, is the "law of the case," and thus relator is now barred from introducing evidence of the history of family violence in the current custody proceeding, and is also precluded from application of the Post-Separation Family Violence Relief Act, La. R.S. 9:364. For the following reasons, under the particular facts and circumstances presented, we find that the trial court erred in denying relator's objection to the Domestic Commissioner's ruling which invoked the "law of the case" doctrine in the current custody proceeding. The trial court's ruling under review is accordingly reversed. As such, relator is entitled to present evidence of the history of family violence in the current custody proceeding. The matter is remanded for further proceedings.

## PROCEDURAL HISTORY AND FACTS

The writ application reveals that on September 20, 2021, relator filled out and filed a "form" petition for protection from abuse under the Domestic Abuse Assistance Act, La. R.S. 46:2131, *et seq.*, against her husband, Ross Heffner, respondent herein. The matter came on for a hearing before the Domestic Commissioner on November 4, 2021, at which time both parties were represented by counsel. The Commissioner granted the requested relief of an order of protection, as well as temporary custody of the parties' three minor children, in favor of relator. The Commissioner found one credible incident of family violence and "substantial harassment." The court stated:

> Okay. So there is evidence to support the contention that physical violence has occurred between the parties by the defendant toward the petitioner. And I believe the most recent incident would have been

March of 2020. There's a medical record that supports her testimony that she was injured by the defendant, got treated in the hospital. The medical records support that she did complain that she had been harmed by her husband then. This is almost two years ago. The court acknowledges that.

Recently, there's substantial harassment, which ordinarily does not, by itself, grant the court the authority to grant a protection order but coupled with past violence, the court can decide to grant a protection order when the harassment is ongoing and of such a nature to cause the petitioner to fear for her safety.

The fact that the alleged victim of domestic violence has gone back to her significant other, spouse, or whatever on more than one occasion or one occasion after the violence has occurred is not indicative of somebody who hasn't been abused. It sometimes puzzles the court how some people who are victims just go back over and over and over again but they do.

I'm going to grant the protection order for one year. However, I'm not going to find that there's a history of family violence. I think the evidence supports one incident of family violence, physical violence committed by the defendant on the petitioner. Clearly, the medical records and the photographic evidence supports that one incident in March of 2020.

You know, looking at that other photograph where she's holding her child after the child is born, I can't really tell that there's any injury to her face. It's not a good quality photograph. So I'm not going to find a history of family violence.

So in addition to granting the order of protection, the court's going to grant temporary custody of the minor children to the petitioner. I'm going to grant some unsupervised visits to the father of the children. Do you all want to talk about that? You're welcome to talk about it.

Thereafter, relator filed a petition against respondent pursuant to La. C.C. art. 103(5)[1] for divorce and spousal support, to which respondent filed an answer and reconventional demand, seeking joint custody of the children. Relator responded to the reconventional demand with an "answer and reconventional demand," seeking sole custody of the children pursuant to the Post-Separation Family Violence Relief Act ("PSFVRA"), La. R.S. 9:364, or in the alternative, La. C.C. art. 134, as well as a permanent injunction against abuse in her favor,

---

[1] La. C.C. art. 103(5) provides: "In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation, or support of a minor child; support for a spouse; injunctive relief; use and occupancy of the family home or use of community movables or immovables; or use of personal property."

pursuant to La. R.S. 9:364 of the PSFVRA and La. R.S. 9:341. Therein, relator alleged numerous past incidences of physical violence against her by respondent, as well as incidences of "incessant harassment." She additionally alleged new incidences of physical interference and verbal abuse by respondent after the issuance of the November 4, 2021 protective order, as well as increased harassment allegedly begun shortly before the protective order expired on November 4, 2022 and continuing after that date.

A hearing was held before the same Domestic Commissioner on January 19, 2023. At the hearing, respondent objected to relator's witness, who was relating an incident of past physical violence by respondent against relator, arguing that the evidence lacked relevance given the Commissioner's previous statement at the November 4, 2021 hearing that he was not going to find that there was a history of family violence. The Commissioner sustained the objection, prohibiting relator from putting on evidence of the history of family violence in the current custody proceeding, stating that it was the "law of the case." Relator timely objected to the district court, who on April 4, 2023, denied her objection to the Domestic Commissioner's "law of the case" ruling. Relator's timely writ application followed.

## ANALYSIS

The Domestic Abuse Assistance Act ("DAAA"), La. R.S. 46:2131, *et seq.*, which provided the basis for relator's petition filed on September 20, 2021, provides protection in the form of temporary restraining orders and protective orders for persons subject to domestic abuse. *State v. Cepriano*, 21-262 (La. App. 5 Cir. 3/30/22), 339 So.3d 32, 43-44, *reh'g denied* (4/19/22), citing *S.M. v. T.M.*, 19-369 (La. App. 5 Cir. 12/26/19), 289 So.3d 141, 143. This Act provides that a protective order may be granted "[d]irecting the defendant to refrain from abusing, harassing, or interfering with the person or employment or going near the residence

23-C-243                                      3

or place of employment of the petitioner." *See* La. R.S. 46:2136(A)(1) and La. R.S. 46:2135(A)(1).

The "law of the case" doctrine is a discretionary guide which relates to: (a) the binding force of a trial judge's ruling during the later stages of trial; (b) the conclusive effects of appellate rulings at trial on remand; and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. *Welch v. Willis-Knighton Pierremont*, 45,554 (La. App. 2 Cir. 11/17/10), 56 So.3d 242, 248, *writ denied sub nom.*, *Welch v. Pierremont*, 11-0109 (La. 2/25/11), 58 So.3d 459. However, the "law of the case" doctrine is a discretionary guide and is not applicable in cases of palpable error or where, if the "law of the case" doctrine were applied, manifest injustice would occur. *Id. Cherry v. Cherry*, 04-0002 (La. App. 4 Cir. 2/2/05), 894 So.2d 1208, 1214.

In his opposition to the writ application, respondent likens the concept of "law of the case" to *res judicata*, arguing that the issue of whether he perpetrated family violence was fully litigated at the DAAA hearing in November of 2021.

Importantly, the DAAA, La. R.S. 46:2134(E), explicitly addresses the issue of "res judicata" and provides:

> E. If a suit for divorce is pending, any application for a protective order shall be filed in that proceeding and shall be heard within the delays provided by this Part. Any decree issued in a divorce proceeding filed subsequent to a petition filed or an order issued pursuant to this Part may, in the discretion of the court hearing the divorce proceeding, supersede in whole or in part the orders issued pursuant to this Part. Such subsequent decree shall be forwarded by the rendering court to the court having jurisdiction of the petition for a protective order and shall be made a part of the record thereof. *The findings and rulings made in connection with such protective orders shall not be res judicata in any subsequent proceeding.* (Emphasis added.)

Therefore, the trial court erred in denying relator's objection to the Domestic Commissioner's ruling that the "law of the case" doctrine, which is no more than a

discretionary guide most often invoked by appellate courts, applied to the matter at bar. This result is specifically prohibited by the explicit language of La. R.S. 46:2134(E). *See also Aguillard v. Aguillard*, 20-64 (La. App. 3 Cir. 11/4/20), 305 So.3d 955.

**DECREE**

For the foregoing reasons, the writ application is granted. The ruling of the trial court denying relator's objection to the Domestic Commissioner's ruling that relator is prohibited from litigating the history of family violence in the current custody proceeding is reversed. This matter is remanded for further proceedings.

**WRIT GRANTED; RULING REVERSED; MATTER REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 15, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-243**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
DAVID H. WILLIAMS (RELATOR)          M. MOLLY MACKENZIE (RELATOR)          CHRISTINE L. DESUE (RESPONDENT)

**MAILED**
NO ATTORNEYS WERE MAILED