684 So.2d 1099 (1996)
Darian Roan LONG, Plaintiff-Appellant,
v.
Leigh Anna Yeldell LONG, Defendant-Appellee.
No. 28763-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
Writ Denied March 7, 1997.
Richard L. Fewell, Jr., Monroe, for Appellant.
Ellen R. Eade, Monroe, for Appellee.
Before NORRIS, BROWN and CARAWAY, JJ.
BROWN, Judge.
When their daughter was a toddler, both parties, Darian Long and Leigh Anna Long Yarborough agreed to a joint custody plan *1100 which set out, in detail, how physical custody would be shared. When the child was six years old, Mr. Long filed a petition to modify the custody plan to include a school break not previously considered. The trial court dismissed his petition. We affirm.

FACTS
Darian Long and Leigh Anna Long (now Yarborough) were married on May 26, 1989, and a daughter, Brittany, was born on August 28, 1989. The Longs separated and on June 19, 1990, entered into an agreement which provided that Brittany's primary domicile would be with her mother and that Mr. Long would have specified weekend and holiday visitation. At this time, Brittany was not yet one year old.
Mr. Long filed for divorce on January 4, 1991, seeking sole custody of Brittany. A hearing was held and the trial court ordered mediation and continued custody in accordance with the parties' June 1990 agreement. Mediation failed and Mr. Long reurged his demand for sole custody of Brittany. In January 1992, a hearing began; however, the hearing recessed and the parties, after intense and protracted negotiations, reached an agreement regarding Brittany's custody.
The manner in which custody would be shared was set forth in joint stipulations signed by the parties and presented to the court on February 5, 1992. The plan provided a detailed, comprehensive, long-range custody schedule for Brittany, then aged 2½. Judgment was rendered in accordance with the stipulations.
The joint agreement adopted by the trial court included a statement that, "[t]hese stipulations and the resulting judgment have occurred after evidence has been produced, and... that any future modification of the judgment... shall be held to the standard of proof articulated in the Louisiana Supreme Court case of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). That is, the party seeking the change of custody bears a heavy burden of proving that the continuation of the custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change is substantially outweighed by the advantages to the child."
The record reveals that acrimony pervades the relationship of these former spouses and that most of their disputes and disagreements have ultimately required judicial intervention. With the Bergeron stipulation, the parties, or at least their attorneys, hoped to avoid further court proceedings.
After Brittany started school, Mr. Long realized that the provisions covering holidays failed to include Spring Break. In May 1994, Mr. Long filed a rule to modify custody to allow him time with his daughter during Spring Break. The trial court, finding that petitioner failed to allege facts sufficient to meet the Bergeron burden, dismissed the rule.
On November 27, 1995, Mr. Long, in proper person, sought to have Mrs. Yarborough held in contempt, in part for her refusal to alter the terms of the custody decree. He also sought physical custody of Brittany, then aged six, during the spring school break.
Mrs. Yarborough filed an exception of no cause of action, urging that Mr. Long failed to allege facts sufficient to satisfy the Bergeron evidentiary burden. The trial court sustained the exception and dismissed the rule to modify custody. Mr. Long has appealed.

DISCUSSION
Appellant, Darian Long, urges that the trial court erred in sustaining the exception of no cause of action and in dismissing his rule to modify custody.
Pleadings must be construed reasonably so as to afford litigants their day in court and to do substantial justice. Kuebler v. Martin, 578 So.2d 113 (La.1991); Sevarg Co., Inc. v. Energy Drilling Co., 591 So.2d 1278 (La.App. 3d Cir.1991). The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
*1101 In actions to modify custody, as in initial custody determinations, the standard is always the best interest of the child. La.C.C. art. 131; Turner v. Turner, 455 So.2d 1374 (La.1984); Pulley v. Pulley, 587 So.2d 116 (La.App. 2d Cir.1991).
In Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), the supreme court observed that a child's interest and welfare could be irreparably damaged not only by mistaken changes in custody, but also by the effects of an attempted or threatened change of custody on grounds that are less than imperative. Therefore, when a trial court has made a considered decree of permanent or joint custody, the party seeking a change in custody bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change in environment is substantially outweighed by its advantages to the child. Bergeron, supra.
Where no considered decree has been rendered, however, the burden of proof enunciated in Bergeron does not apply. Odom v. Odom, 606 So.2d 862 (La.App. 2d Cir.1992), writ denied, 608 So.2d 153 (La.1992). The petitioner need only show that a material change in circumstances occurred since the original decree and that the proposed modification is in the best interest of the child. Duvalle v. Duvalle, 27,271 (La.App.2d Cir. 08/23/95), 660 So.2d 152; Barnes v. Cason, 25,808 (La.App.2d Cir. 05/04/94), 637 So.2d 607, writ denied, 94-1325 (La.09/02/94), 643 So.2d 149.
The facts and circumstances of each case must be considered in light of the best interest of the child. Great weight is given to the trial court's decision, which will not be overturned on appeal absent a finding of clear abuse of its discretion. Cooper v. Cooper, 579 So.2d 1159 (La.App. 2d Cir.1991).
The father in Bergeron petitioned to vacate the long-standing sole custody award to the mother and substitute a joint custody order giving the father physical custody for nine months each year. Obviously, Bergeron did not involve physical custody during holidays or what was once termed "visitation." The court in Bergeron commented, however, on the effect of the amendment to La.C.C. art. 146, which granted a preference for joint custody. The Bergeron court stated that the change of law did not alter the public goals of ending litigation and minimizing changes in the child's established mode of living. The court concluded that the change of circumstances rule, the heavy burden rule, and appellate review standard apply to any petition to modify custody, regardless of whether it is joint or sole custody.
As noted by the court in Bergeron, unjustified litigation and disruption of an established mode of living can be harmful to the child. The policy of avoiding unnecessary litigation and needless change applies equally to questions of physical sharing of the child. Thus, a petition to modify a custody implementation plan is governed by Bergeron or the lesser standard applicable to decrees that are not considered.
In the instant case, efforts at mediation failed; a trial started and recessed and, over a two week period, protracted discussions were conducted, resulting in a detailed custody sharing plan that provided for all of the usual holidays. The entire process was contentious. Under these circumstances, we consider the 1992 judgment adopting the joint stipulations to be a considered decree and therefore subject to the Bergeron burden of proof.
Mr. Long's petition for custody during Spring Break represents a continuation of the previous protracted hearings and negotiations. A denouement or final resolution of the intricacies of this drama was the purpose of the 1992 judgment. Not even under the lesser standard do the allegations of the petition represent a "material change" in circumstances. This is the type of difficulty that both parties should work out without court intervention. The existence of discord and court action can only harm the child.
Thus, we find that the trial court correctly applied the law and affirm. Costs are to be equally shared by both parties.
AFFIRMED.