926 So.2d 60 (2006)
Paige Deanne Oglethorpe POOLE, Respondent,
v.
Brandon Shane POOLE, Applicant.
No. 41,220-CW.
Court of Appeal of Louisiana, Second Circuit.
March 22, 2006.
*61 Charles William Strickland, for Applicant.
Katherine Clark Dorroh, for Respondent.
Before GASKINS, CARAWAY, PEATROSS, DREW and MOORE, JJ.
GASKINS, J.
This matter comes before the court on the application of Brandon Shane Poole, seeking review of a judgment that ruled the previous custody order in this case was a considered decree and, therefore, the Bergeron burden of proof applies to the pending custody modification hearing.
The parties are divorced and presently share custody of their minor child, Madison Poole. In February 2003, a custody trial began before another judge and evidence of parental fitness of one party was introduced. On the second day of trial, the parties reached an agreement in which custody would be shared, with the mother designated as the domiciliary parent. The judge signed the agreed custody judgment in March 2003.
In April 2005, the parties both filed rules to modify the March 2003 decree, and a question arose as to whether that decree was a considered decree under Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986). Another judge, who was assigned this case after the former judge recused himself, concluded that the prior custody decree was a considered decree so that Bergeron, supra, applied. This judge based his decision on his research showing that "a considered decree is one for which evidence as to parental fitness to exercise *62 custody is received by the court." He stated that the Bergeron rule was put into place for the purpose of ending litigation between parents and for the purpose of saving children from the harmful effects of parents returning to court after they "had their day in court."
The burden of proof on a party who wishes to modify a prior permanent custody award depends on the nature of that prior award. If the first award is a stipulated judgment, which typically is one resulting from the parties' consent to a particular custodial arrangement, a party seeking modification of the prior permanent custody award must prove that there has been a material change in circumstances since the original decree and that the proposed modification is in the best interest of the child. Evans v. Lungrin, 97-0541 (La.2/06/98), 708 So.2d 731. On the other hand, if the prior permanent custody award is a considered decree, then the heavy burden of proof under Bergeron applies. The Bergeron rule states that when a trial court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by the change of environment is substantially outweighed by its advantages to the child. The concerns for ending litigation, preserving the child's established mode of living, conserving judicial resources and preventing inconsistent decisions underlay the formulation of the heavy burden of proof rule as recognized in the ruling of our supreme court in Bergeron. McCready v. McCready, 41,026 (La.App.2d Cir.3/08/2006) 924 So.2d 471.
Some recent cases have examined the definition of "considered decree." In Long v. Long, 28,763 (La.App.2d Cir.12/11/96), 684 So.2d 1099, a child custody hearing began, but recessed for intense and protracted negotiations, after which the parties signed joint stipulations regarding the custody schedule. This joint agreement subsequently signed by the trial judge contained the statement that "[t]hese stipulations and resulting judgment have occurred after evidence has been produced, and . . . that any future modification of the judgment . . . shall be held to the standard of proof articulated in the Louisiana Supreme Court case of [Bergeron]. . . ." The trial court, affirmed by this appellate court, found the agreement to be a considered decree.
After several days of testimony, the parties in Cherry v. Cherry, XXXX-XXXX (La. App. 4th Cir.2/02/05), 894 So.2d 1208, reduced a custody agreement to writing, which was signed by the trial judge. That agreement awarded sole custody to the father and specified ". . . the court finding that sole custody in favor of [the father] clearly and convincingly to be in the best interest of the children, considering all pertinent facts and circumstances." This agreement was found to be a considered decree.
Prior to the hearing, the parties in Adams v. Adams, 39,424 (La.App.2d Cir.4/06/05), 899 So.2d 726, confected a child custody agreement stipulating that any future actions to modify custody would be governed by the Bergeron standard. This appellate court found that the Bergeron standard would apply to further child custody litigation.
In McCready v. McCready, supra, a default judgment awarding custody was confirmed after a prima facie case was established. When the custody issue was raised again, the trial court ruled that the default judgment was not a considered decree. This court affirmed that ruling.
*63 This court is faced with determining whether the previous custody decree was a stipulated judgment or a considered decree. In the present case, a custody hearing had begun, yet it is unclear how much of the anticipated testimony was presented. Further, no language in the custody agreement indicated that the trial judge considered the evidence, nor that the parties agreed to impose a Bergeron standard for future litigation.
Certainly there is a need to limit protracted relitigation in custody matters. Some believe that the best way to do this is to impose the higher Bergeron standard after some evidence has been presented, and the parties then terminate the hearing and agree on custody. However, we find that imposing this higher standard will dissuade the parties from confecting settlement once the hearing has begun. Such settlement agreement contrasts to a judicially imposed, considered decree with which neither parent may completely agree and must be encouraged even after the litigation has begun for the best interests of the children instead of being deterred by the more difficult burden of Bergeron. Applying the Bergeron standard to a custody consent judgment in which some of the evidence has been presented, but not evaluated by the judge, would erode the definition of considered decree and the policy reasons for the rule as examined by the Bergeron court.
We reverse the trial court and find that the higher standard of Bergeron should not apply to the pending custody modification litigation.
WRIT GRANTED; REVERSED AND REMANDED.
MOORE, J., dissents with written reasons.
MOORE, J., dissenting.
I respectfully dissent from the majority's exercise of supervisory jurisdiction. To be sure, I share the majority's policy of encouraging parties to settle custody disputes; I also admit that the case poses a somewhat irresistible res nova legal issue.
I do not agree, however, that Mr. Poole has shown irreparable injury under La. C.C.P. art. 2083. The district court found the prior judgment was a considered decree, subject to modification only by meeting the heavy burden of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), not the lower burden of Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731. Mr. Poole will advance the best evidence to overcome Bergeron. If he succeeds, then a fortiori he has satisfied the lower burden of Evans v. Lungrin. If he does not, and this court later determines that only the lower burden applied, we could easily review the evidence under the lesser standard. In short, there is an adequate remedy on appeal and a real possibility that, as they have done in the past, these parties will settle their dispute.
There is also an inadequate showing of harm under Herlitz Const. Co. v. Hotel Investors of New Iberia Inc., 396 So.2d 878 (La.1981). The facts concerning the prior decree are indeed undisputed and the district court's judgment may be arguably wrong, although the majority correctly notes there is no jurisprudence compelling a conclusion to that effect. Most importantly, reversal of the judgment will not terminate the litigation as to any party. Merely having to go to trial is not irreparable harm. Collins v. Prudential Ins. Co., 99-1423 (La.1/19/00), pp. 7-8, 752 So.2d 825, at 830.
On this showing, I would recall this writ and remand the case for further proceedings.