STEWART, J.
11AppelIant Brittany Olivier Bag-well (hereafter referred to as “Brittany”), is appealing a judgment modifying custody in favor of Christopher Bagwell (hereafter referred to as “Christopher”). At issue in this child custody dispute is whether Brittany and Christopher are bound by a stipulation in a prior judgment modifying child custody. This stipulation provided that “in the event this matter is called for modification of custody, that the standard of law set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), shall not be applicable.” (Emphasis added.) Since Brittany and Christopher are free to contract for any lawful object, and since no public policy precludes them from agreeing not to apply the Bergeron standard in the event that this matter is called for modification of custody, we find that the parties are bound by the stipulation in their October 29, 2009, modification of custody judgment. The judgment of the trial court is affirmed.
FACTS AND PROCEDURAL HISTORY
Brittany and Christopher were married in Lexington, South Carolina on March 5, 2004, and established a matrimonial domicile in Haughton, Bossier Parish, Louisiana. Two children were born of the marriage, O.A.B. (DOB 12/7/04) and H.L.B. (DOB 1/26/07). Brittany and Christopher separated on October 1, 2008, and Christopher filed for divorce in accordance with La. C.C. art. 103(2) on October 3, 2008. On October 30, 2008, Brittany filed an answer and reconventional demand. Both Brittany and Christopher requested joint custody, and each requested designation as the domiciliary parent.
On January 20, 2009, a judgment of child custody was rendered ^granting the parties “legal shared custody of the minor children,” further noting that they “share eo-domiciliary status.” On April 14, 2009, Brittany filed a petition to modify custody and to seek permission to relocate with the children pursuant to a military duty reassignment. Specifically, she requested permission to relocate by June 15, 2009, and that the custody plan be modified to name her domiciliary parent. Christopher filed an objection to the relocation, followed by his petition to modify custody such that he be named domiciliary parent with the children residing primarily with him.
The trial court issued an interim order directing Christopher to have physical custody of the children for the month of June 2009, and Brittany have custody for the month of July 2009. Further, it appointed Leigh Ann O’Brien, a licensed clinical social worker in the state of Louisiana, as the court’s expert to conduct an evaluation and determine whether the children should relocate with Brittany. Ms. O’Brien rec *429 ommended that the children be allowed to relocate with Brittany, and a judgment modifying custody was rendered to that effect on October 29, 2009.
On July 26, 2012, Brittany filed a petition and rule to modify custody plan in order to obtain a provision whereby she would obtain passports for the children and be allowed to vacation abroad with them. In turn, Christopher filed an answer and reconventional demand to modify custody, claiming that Brittany was incapable of providing the children with a stable home. He also claimed that after her deployment, she improperly removed them from school in Mississippi in September 2011, and that she moved in violation of the relocation statute.
| aAgain, Ms. O’Brien was appointed to evaluate the modification of custody claims. She recommended that Chris and Brittany have a joint custody arrangement in which Chris is the designated domiciliary parent. In an interim order, Christopher was awarded physical custody from December 22, 2012, through December 28, 2012, with each party paying one-half of the transportation costs.
After the matter was tried on June 24, 2013, the trial court modified custody naming Christopher domiciliary parent. Also, the children were to reside primarily with Christopher, subject to a plan of physical custody in favor of Brittany. Brittany has filed the instant appeal.
LAW AND DISCUSSION

Legal Standard for Modification of Custody

Brittany’s two assignments of error are both related to the trial court’s decision to modify custody, naming Christopher as the domiciliary parent. In her first assignment, Brittany argues that the trial court erred by failing to apply the proper legal standard for modification of custody. More specifically, she argues that the trial court did not apply the standard expressed in Bergeron. She asserts that had this case been examined in light of the Berger-on rule, the record would not contain evidence that would establish that a change in custody is necessary.
The primary consideration in any child custody determination is the best interest of the child. La. C.C. art. 131; Adams v. Adams, 39,424 (La.App.2d Cir.4/6/05), 899 So.2d 726; Powell v. Powell, 28,911 (La.App. 2d Cir. 12/11/96), 684 So.2d 1084. The trial court is in the best position to ascertain the best interests of the children given each unique set of |4circumstances. Our legislature has provided 12 enumerated factors contained in La. C.C. art. 134 that are used to determine the best interest of the child. Accordingly, a trial court’s determination in the establishment or modification of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Thompson v. Thompson, 532 So.2d 101 (La.1988); Knowlton v. Knowlton, 40,931 (La.App.2d Cir.4/12/96), 927 So.2d 640.
Jurisprudence provides different burdens of proof to modify custody in instances where the initial custody decree was either a stipulated (consent) judgment or a considered decree. When parties consent to a custodial arrangement and no evidence of parental fitness is taken, the party seeking modification has the twofold burden of proving (1) that there has been a material change in circumstances since the original custody decree, and (2) that the proposed modification is in the best interest of the child. Adams, supra; Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731. A considered decree is an award of permanent custody made when the trial court has received evidence of *430 parental fitness. Id. The party seeking modification of a considered decree bears the heavy burden of proving that “the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or ... that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron, supra.
In the case sub judice, the parties agreed in the October 29, 2009, judgment modifying custody that the Bergeron standard would not be | ¡¡applicable in the event this matter was called for modification of custody. This judgment in question included the following language:
It is Ordered, Adjudged and Decreed that in the event this matter is called for Modification of Custody, that the standard of law as set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), shall not be applicable.
During the June 24, 2018, trial, the lower court noted:
..., [T]he parties before the Court in October of 2009, both represented by counsel other than the counsel they have here, agreed to a modification of the original judgment wherein, and it appears that some testimony was taken at that second hearing on modification, but they specifically agreed that the Berger-on standard would not apply which means we have an existing consent decree custody order which is now before the Court for modification. So first the Court has to determine if there’s been an appropriate change of circumstances to get into court. Although the Court does not have to find that it meets the heightened burden of the Bergeron rule. (Emphasis added.)
In this stipulated (consent) judgment, which the lower court identified as a consent decree custody order, we can discern that both Brittany and Chris agreed to the stipulation that Bergeron would not apply in a future modification of custody. The attorneys representing Brittany and Chris signed the October 29, 2009, judgment to that effect. Therefore, we find that this judgment is the law between Brittany and Christopher. Further, neither party objected to the language in the judgment.
Our law provides that a stipulated judgment is a bilateral contract between the parties, and as such, constitutes the law between them. Mobley v. Mobley, 37,364 (La.App.2d Cir.8/20/03), 852 So.2d 1136. It is the parties’ voluntary acquiescence, not the court’s adjudication, which gives the contract its binding force. Id. Parties are free to contract for any object that is lawful, possible, and determined or determinable that is not in violation of public policy. La. C.C. Art.1971; Barrera v. Ciolino, 92-2844 (La.5/5/94), 636 So.2d 218.
Here, Brittany and Chris entered into a joint custody agreement which set forth a standard, i.e. declining to apply Bergeron, that is to be followed in the event that this matter is called for modification of custody. Thus, in order for the courts to determine that the previously agreed upon stipulation is unenforceable, they must find that there is a public policy consideration which is undermined by it. After a careful review of the record, we find that there is no public policy consideration that would require us to determine that the October 29, 2009, judgment, which states the inapplicability of the standard of law as set forth in Bergeron to this matter, is unenforceable. Further, we find that the trial court correctly identified the October 29, 2009, judgment as an existing consent decree custody order, and did not err in failing to consider the legal standard for modification of custody set forth in Berger- *431 on, as instructed in the judgment. This assignment of error is without merit.

Change in Circumstances

In Brittany’s second assignment, she asserts that the trial court erred in finding that Christopher proved a material change in circumstances justifying a modification of custody. She believes that since the October 29, 2009, custody decree had determined the issue of relocation, the trial court erroneously determined that her move from Virginia to Connecticut constituted a material change in circumstances.
The parties’ stipulated judgment, like all child custody judgments, is subject to modification by the court upon the appropriate showing and |7according to the best interests of the child. Adams, supra; Street v. May, 35,589 (La.App.2d Cir.12/5/01), 803 So.2d 312. As we stated in the previous assignment, where the original custody decree is a stipulated judgment, the party seeking modification of the decree must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child. Adams, supra.; Evans, supra.
Pursuant to the October 29, 2009, stipulated judgment, the trial court correctly concluded that it did not have to “find that it meets the heightened burden of the Bergeron rule.” Reviewing the facts of this custody dispute to determine if there has been a material change of circumstances, the trial court acknowledged that Brittany had previously been granted permission to relocate to Virginia because of her active military status. However, when Brittany was no longer active military, she chose to move from Virginia, where she had authority to relocate, to Connecticut, where she did not have authority to relocate. It classified the move as a change in circumstances, causing “significant problems with what visitation schedules in place.” The trial court considered Ms. O’Brien’s testimony that the children were no longer in the developmental age that requires them to be with their mother. After this analysis, the trial court concluded that “there’s a change in circumstances that would make it proper for the Court to consider the modifications.” We agree with this finding.
Since a material change in circumstances had occurred, the trial court did not err in considering the best interest of the children. When determining the best interest of the child for purposes of making a custody ^determination, a number of factors must be considered by the court and there must be a weighing and balancing of the factors favoring or opposing custody in one party. Masters v. Masters, 35,477 (La.App.2d Cir.10/2/01), 795 So.2d 1271; Duvalle v. Duvalle, 27,271 (La.App.2d Cir.8/23/95), 660 So.2d 152. La. C.C. art. 134 provides a list of factors to be used in weighing and balancing the best interest of the child:
The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
(1) The love, affection and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
*432 (5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
| n(12) The responsibility of the care and rearing of the child previously exercised by each party.
The trial court is in a better position to evaluate witnesses and, taking into account the proper allocation of trial and appellate functions, great deference is accorded to the decision of the trial court. Warlick v. Warlick, 27,389 (La.App.2d Cir.9/29/95), 661 So.2d 706. The trial court was faced with a difficult decision. After weighing and balancing the factors enumerated in La. C.C. art. 134, the trial court concluded, and we agree, that it would be appropriate Brittany and Christopher to be granted joint custody, with Christopher as the domiciliary parent.
The children have extended family in Louisiana and Mississippi, in very close proximity to Christopher’s house. While in Christopher’s care, the children have had the opportunity to develop a relationship with them. More importantly, Christopher has provided a stable environment for the children to return to on a regular and recurring basis, where they can thrive at home, school, and in the community. The trial- court expressed concern about Brittany’s inability to communicate with Christopher about the children, as well as the difficulty of maintaining a stable environment when moving from location to location. Even though the children have a connection with both parents and have spent a substantial amount of time in both homes, the trial court determined that Christopher clearly provides a more nurturing environment for the children.
The trial court applied the proper burden of proof and based its findings on factors relevant to the best interest of the children pursuant to La. C.C. art. 134. Therefore, we find that the trial court’s judgment linmodifying the prior custody arrangement is not manifestly erroneous, and thus, will not be disturbed on appeal.
CONCLUSION
For the reasons set forth above, we affirm. All costs of this appeal are assessed equally between the appellant and appellee.
AFFIRMED.