Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,914-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JERRY LEE HENDRY, JR.                         Plaintiff-Appellant

versus

RANDI LYNN GEORGE                         Defendant-Appellee
HENDRY

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 44,484-C

Honorable Stephen G. Dean, Judge

* * * * *

CUMMINS AND FITTS, LLC                    Counsel for Appellant
By:  Jessica L. Fitts
     Daniel Christopher Cummins

JOHN SCOTT SARTIN                         Counsel for Appellee

* * * * *

Before PITMAN, STONE, and COX, JJ.

**PITMAN, J**.

Plaintiff-Appellant Jerry Lee Hendry, Jr. ("Jerry"), appeals the district court's granting of an exception of no right of action in favor of Defendant-Appellee Randi Lynn George Hendry ("Randi"). We note that this exception should have been styled as an exception of no cause of action; and in our discussion of Jerry's assignment of error, we refer to it as such. For the following reasons, we reverse the judgment of the district court and remand for a trial on the merits of Jerry's petition to modify custody.

## FACTS

The parties married in December 2009. Two children were born of the marriage—a son in June 2014 and a daughter in November 2015. The parties separated on January 1, 2016.

On January 28, 2016, Jerry filed a petition for divorce pursuant to La. C.C. art. 103(4), alleging that Randi neglected and abused their son. He also alleged that she was in an adulterous relationship. In the alternative, he sought a divorce pursuant to La. C.C. art. 102.

On February 18, 2016, Randi filed an answer and reconventional demand, seeking a divorce pursuant to La. C.C. art. 102.

On March 17, 2016, a hearing officer conference was held; and, on March 23, 2016, the hearing officer filed its recommendations. Relevant to this appeal, it recommended that the parties be awarded joint custody with Randi designated as the domiciliary parent and attached a proposed joint custody plan. Both parties objected to the recommendations.

On August 11, 2016, the parties participated in an in-chambers conference and stipulated to a visitation schedule for the minor children. On September 21, 2016, the district court filed an order, which included the

visitation schedule and stated that all other aspects of the hearing officer's recommendations shall remain an order of the court. The parties stipulated that beginning November 11, 2016, Jerry shall have visitation with the children when he is home from work[1] for three days and then Randi shall have the children for two days; that this schedule would alternate until Jerry returns from work; and that if either party should require a babysitter for longer than eight hours, they must offer the other parent the opportunity to care for the children.

On March 13, 2017, Jerry filed a rule to finalize the divorce pursuant to La. C.C. art. 102. On March 27, 2017, the district court signed and filed a judgment to this effect.

On May 29, 2018, Jerry filed a rule for contempt and modification of custody. He alleged the following material changes in circumstances: that Randi moved three times in the past year; that at times she lived with her "on again, off again" boyfriend; that her boyfriend is under investigation for the molestation of his minor stepdaughter; that Randi became pregnant by her boyfriend prior to the finalization of their divorce; that the Office of Community Services investigated Randi for abuse and/or neglect of their son and determined that her lack of adequate supervision resulted in the injury of the child; that Randi had a history of refusing Jerry his custodial periods and telephone visitation with the children; that Randi had a history of refusing to communicate with Jerry about the well-being of the children, including injuries while in her care; that she refused to take the children to have their required immunizations; that she refused to register the children for school

---

[1] Jerry's work schedule was to work in Ruston for 14 days and then to be home in Winnsboro for 14 days.

and desired to homeschool them; that she refused to allow the children to participate in extracurricular activities even though Jerry registered their son for T-ball; that she openly discussed her disdain for Jerry in front of the children; and that their son informed Jerry that Randi said she would put Jerry in jail if he took the children to be immunized and that Randi's father would "whoop" him. Jerry requested joint, shared custody of the children and physical custody of the children for the 14 days he is home from work.

On August 29, 2019, the hearing officer filed a recommendation following a conference on June 21, 2019. It found that based on the La. C.C. art. 134 factors, the age of the children and Randi's anti-vaccine position, the parties should be awarded joint care, custody and control of the children with Jerry named as domiciliary parent to make school and medical decisions. A joint custody implementation plan was attached, which recommended that the children live with Randi, subject to Jerry's custody for 12 of the 14 days he was not working out of town each month. Randi objected to the recommendations.

On January 30, 2020, Randi filed an exception of no right of action. She stated that Jerry had no right of action to modify the district court's judgments because he did not allege a material change in circumstances.

On February 27, 2020, Jerry filed an amended and supplemental petition. He alleged material changes in circumstances, including that Randi does not believe in modern medical treatments for the children; refuses to vaccinate the children; threatened physical abuse and incarceration toward him for vaccinating the children; enrolled the children in a homeschool program; does not communicate with him regarding the children's extracurricular activities; lives with her boyfriend, who was investigated for

3

the molestation of a juvenile; and that the children were involved in a sexual encounter that resulted in an investigation by the Department of Children and Family Services and the Franklin Parish Sheriff's Office. Jerry also noted that the children were 3.5 years older than they were when the previous custody order was issued. He requested joint, shared custody of the children, with him having custody during the two weeks he is home from work, and that he be named domiciliary parent. He incorporated into this petition his rule for modification of custody.

On June 18, 2020, Randi filed exceptions of no right of action and vagueness. She stated that Jerry had not stated a cause of action regarding his request to modify custody because he had not demonstrated a material change in circumstances. She stated that his allegation that the children were involved in a sexual encounter was vague and ambiguous. She argued that her relocations, her boyfriend, her texting and driving, her refusals of Jerry's custodial periods and telephone visitations, her refusals of communication, her positions on vaccinations and homeschool, the allegations regarding extracurricular activities, her speaking negatively about Jerry, the alleged sexual encounter and the aging of the children were not material changes in circumstances. She also attached several exhibits, including excerpts of Jerry's deposition conducted on December 2, 2019.

Jerry filed a memorandum in opposition to the exceptions and referred to Randi's exception of no right of action as an exception of no cause of action. Randi filed a reply to his opposition.

On July 6, 2020, the district court filed a judgment. It stated that it reviewed the record and arguments of the parties and found that the exception of no right of action is well-founded and supported by the law and

4

evidence. It granted Randi's exception of no right of action and dismissed Jerry's rule for contempt and petition to modify custody.

Jerry appeals the July 6, 2020 ruling of the district court.

## DISCUSSION

As a preliminary matter, we note an error made throughout the district court record, i.e., the parties' and district court's confusion of the exceptions of no right of action and no cause of action. Although the exceptions of no right of action and no cause of action are often confused or improperly combined in the same exception, these peremptory exceptions are separate and distinct. La. C.C.P. art. 927; *Indus. Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207. The function of an exception of no right of action is to determine whether a plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition and to question whether the plaintiff is a member of the class of persons that has a legal interest in the subject matter of the litigation. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211. In contrast, the function of an exception of no cause of action is to determine whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Id.*

As the father of the children in this custody case, Jerry clearly has a legal interest in the subject matter of the litigation and has established a right of action in his petition. Randi's exception should have been titled an exception of no cause of action; and, on appeal, the parties refer to it as such. Accordingly, the issue before this court is whether Jerry stated a cause of action in his petition to modify custody.

*Ruling on the Exception*

In his sole assignment of error, Jerry argues the district court erred in granting Randi's exception of no cause of action. He contends that the district court improperly considered exhibits attached to her exception, including his deposition testimony. He states that the district court should have considered only the allegations contained in his petition, accepted those allegations as true and denied Randi's exception. He contends that his petition did state a cause of action in that he pled material changes in circumstances and requests that this court reverse the district court's finding on the exception of no cause of action.

Randi argues that the district court complied with applicable law and jurisprudence when it considered all evidence presented to it. She contends that the district court did not err in finding that Jerry failed to establish a material change in circumstances.

In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. *Indus. Companies, Inc. v. Durbin*, *supra*.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. An exception of no cause of action is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the

6

petition must be accepted as true. *Indus. Companies, Inc. v. Durbin*, *supra*. It should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Sw. Computer Bureau, Inc.*, *supra*. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Id*. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Indus. Companies, Inc. v. Durbin*, *supra*.

The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131. When the original custody decree is a stipulated judgment and no evidence of parental fitness is taken, the party seeking modification shall prove (1) that there has been a material change in circumstances since the original custody decree, and (2) that the proposed modification is in the best interest of the child. *Evans v. Lungrin*, 97-0541 (La. 2/6/98), 708 So. 2d 731; *Adams v. Adams*, 39,424 (La. App. 2 Cir. 4/6/05), 899 So. 2d 726.

Reviewing the exception of no cause of action *de novo*, we find that Jerry did state a cause of action in his petition and amended and supplemental petition in that he alleged material changes in circumstances since the original custody decree. Accepting the well-pleaded facts as true, the law affords a remedy, i.e., the modification of the custody decree, to Jerry. In determining that Jerry alleged sufficient facts in his petition to state a cause of action, we are not expressing any opinion on the merits of the allegations in his petition. *See Dodson & Hooks, APLC v. Louisiana Cmty. Dev. Cap. Fund, Inc.*, 20-01002, __ So. 3d __, (La. 2/17/21). Whether a

*7*

modification of the custody decree is warranted shall be determined on remand following a trial on the merits of Jerry's petition to modify custody.

In this *de novo* review, we will not discuss the alleged consideration of evidence by the district court. We do note that although the district court proceedings are affected by some restrictions during the COVID-19 pandemic, such restrictions do not prevent proceedings from adhering to proper civil procedure and the laws of evidence.

Accordingly, this assignment of error has merit.

## CONCLUSION

For the foregoing reasons, we reverse the district court's granting of the exception of no cause of action in favor of Defendant-Appellee Randi Lynn George Hendry and against Plaintiff-Appellant Jerry Lee Hendry, Jr. We remand to the district court for a trial on the merits of the petition to modify custody. Costs are assessed to Defendant-Appellee Randi Lynn George Hendry.

**REVERSED AND REMANDED.**