LOLLEY, J.
1! Aimee Diann Hackworth (formerly Lawrence) appeals a judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, in favor of Tony Jason Lawrence, which judgment granted Tony’s exception of no cause of action. For the following reasons, we reverse the trial court’s judgment and remand for further proceedings.
Facts
An appeal by these parties has already been before the court; the facts are contained therein and will not be repeated in detail. Essentially, the couple’s shared custody of their children was not working, and each parent was seeking primary domiciliary status. Lawrence v. Lawrence, 49,373 (La.App.2d Cir.08/13/14), 147 So.3d 821 {“Lawrence /”). In Lawrence I, we affirmed the trial court’s order awarding Tony primary domiciliary custody of the couple’s two children, Gunner and Gauge.[1]
*200 Subsequently, on April 29, 2015, Aimee filed a rule to modify custody seeking primary physical custody of the children. In that filing, she included allegations of physical and verbal abuse of the children by -Tony as well as medical neglect. Tony responded by filing an exception of no cause of action asserting that Aimee’s rule did not sufficiently allege circumstances necessary to warrant a change of custody pursuant to Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
A hearing was conducted before a hearing officer on both Aimee’s rule to" modify custody and Tony’s exception. The hearing officer | ¿recommended granting Tony’s exception, and Aimee filed an objection to the hearing officer’s report. The trial court judge considered the matter and granted the exception of no cause of action. Judgment was entered in favor of Tony, and Aimee appeals.
Discussion
On appeal, Aimee brings two related assignments of error. First, she argues that the trial court erred in failing to find the rule to modify custody stated a cause of action under Bergeron, Second, she maintains that the trial court erred in considering evidence at the hearing on Tony’s exception of no cause of action.
An exception of no cause of action tests “the legal sufficiency of the petition by determining whether the law affords ¿'remedy on the facts alleged in the pleading.” Moreno v. Entergy Corp., 2010-2268 (La.02/18/11), 64 So.3d 761, 762, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial. Evidence may not be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. Hayes v. Gallagher Bassett Servs., Inc., 41,579 (La.App.2d Cir.12/13/06), 945 So.2d 911, 912, writ denied, 2007-0085 (La.03/30/07), 953 So.2d 73.
The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131. A considered decree is an award of permanent custody made when the trial court has received evidence of parental fitness. Bagwell v. Bagwell, 48,913 (La.App.2d Cir.01/15/14), 132 So.3d 426, 429-30, writ denied, 2014-0356 (La.03/14/14), 135 So.3d 608. In actions to change custody decisions rendered in considered decrees, consideration of the child’s best interest is made, but also an additional jurisprudential requirement is imposed. In such actions the proponent of the change bears a heavy burden of proving that a change of circumstances has occurred, such that the continuation of the present custody arrangement is so deleterious to the child as to justify a modification of the custody decree, or that the harm likely caused by a change of environment is substantially ■ outweighed by its advantages to the child. Bergeron, supra.
In this matter, the last custody decree, dated February 14, 2014, was affirmed by this court in Lawrence I and *201 had been in effect less than a year at the time Aimee filed the instant rule to modify custody. It was entered after a trial during which testimony was taken and. evidence admitted relevant to the custody of the child; thus it was a considered decree. As such, in order to modify the considered custody decree, the standard enunciated in Bergeron applies, and we should review the allegations of the rule to modify to determine whether, if accepted as true, such allegations ^entitle Aimee to a modification of the custody arrangement. In other words, in order to defeat Tony’s exception of no cause of action, Aimee’s rule to modify custody must make allegations that allege a material change in circumstances and that the continuation of the present custody is so deleterious to the child as to’ justify a modification in custody. On de novo review of this matter, we find that Aimee’s allegations are sufficient and the trial court erroneously granted the exception of no cause of action.
Here, we are mindful that the custody decree in force had been affirmed (and final) only 8½ months prior to Aimee’s rule to modify, and we are further mindful of the detrimental effects to the children caused by unjustified, continuous litigation and continued interparental conflict. However, we reiterate that the purpose of the exception of no cause of action is to determine the legal sufficiency of the plaintiffs petition. Thus, rather than address improperly any evidence that goes to the merits in Aimee’s rule to modify custody at this juncture, we are constrained to determine whether Aimee has alleged facts sufficient to meet the Bergeron standard.
After careful review of . Aimee’s allegations, along with a review of the previous record, it is apparent that Aimee has alleged new facts which she claims occurred after the standing custody decree became final. The gist of Aimee’s allegations and facts, for which the law affords relief to her if proven at trial, are that Tony (1) used excessive physical force on the children, which'Aimee became aware of on January 16, 2015; (2) exercised medical neglect in March 2015; and, (3) caused parental alienation. Those | ¿facts, accepted as true only for the- purpose of an exception of no cause of, action, show a change in circumstances has occurred since the previous judgment sufficient to warrant a modification in the current custodial arrangement under Bergeron. So considering, the trial court erred in granting Tony’s exception of no cause of action. Furthermore, our finding on this issue pre-termits any discussion regarding Aimee’s second assignment of error on the issue of the trial court’s consideration of evidence at the hearing on Tony’s exception of no cause of action.
Conclusion
The judgment of the trial court granting Tony Lawrence’s peremptory exception of no cause of action is reversed. The exception is denied. This case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Tony Lawrence. =
REVERSED AND REMANDED.

. A trial had been conducted on October 15 and 16 and November 13, 2013. The matter was taken under advisement and oral reasons for ruling were issued on November 22, 2013. A judgment was filed on February 10, 2014, and signed on February 14, 2014. Lawrence I was issued on August 13, 2014, affirming the *200 trial court's judgment, making the custody order final.